UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CLEVIS L. LOFTIES, )
)
    Petitioner, )
)
v. ) Nos. 1:12-CV-378-RLJ
) 1:04-CR-39-RLJ-SKL
UNITED STATES OF AMERICA, )
)
    Respondent. )

### MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 42]. The government filed its response [Doc. 44] and Petitioner filed a motion for leave to amend [Doc. 46]. For the reasons stated below, Petitioner's motion for leave to amend [Doc. 46] will be **DENIED** and § 2255 motion [Doc. 42] will be **DISMISSED WITH PREJUDICE.**

**I.    BACKGROUND**

On February 24, 2004, a federal grand jury in the Eastern District of Tennessee charged Petitioner with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) [Presentence Investigation Report ("PSR") ¶ 1]. The case proceeded to trial and a jury found Petitioner guilty [*Id.* ¶ 3]. In calculating the applicable guidelines range, the probation officer categorized Petitioner as an armed career criminal based on the fact that five of his prior convictions met the definition of violent felonies under the Armed Career Criminal Act ("ACCA") [*Id.* ¶¶ 20, 27, 29–32; Doc. 39 p. 2]. Petitioner did not file any objections [Doc. 39 p. 2]. On January 24, 2005, this Court sentenced him to the statuary minimum term of 180 months' imprisonment, followed by three years of supervised release [*Id.*].

Petitioner filed a notice of appeal on February 2, 2005 [Doc. 25], contending his prior burglary convictions were not qualifying predicate offenses and, without those offenses, he could not be properly classified as an armed career criminal [*Id.*]. On March 27, 2006, the Sixth Circuit affirmed Petitioner's sentence based on the fact that he "admit[ted] . . . four [of his] prior Tennessee burglary convictions involve[d] [unlawful entry into] a business or dwelling[,] . . . [conduct defined] as 'violent crimes' under the [ACCA]" [Doc. 39 p. 5].

## II. TIMELINESS OF PETITION AND AMENDMENT

### a. Timeliness of Petitioner's § 2255 Petition

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(3). The Court finds only the first and third categories potentially applicable and the petition time-barred under either.

For purposes of the first category—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court,

2

direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). In alternative, when a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing such petition—90 days after entry of the intermediate appellate court's judgment. *Id.*; *see also* Supreme Court Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

In light of the foregoing, Petitioner's judgment of conviction became final on June 21, 2006, 90 days after the Sixth Circuit's March 23, 2006 opinion. The statute of limitations began to run on that date, ultimately expiring one year later on June 21, 2007. Failure to file the current petition until November 16, 2012—well after expiration of the one-year limitations period— necessarily leads the Court to conclude Petitioner's petition is untimely under § 2255(f).

To the extent Petitioner attempts to argue *Begay v. United States*, 553 U.S. 137 (2008) created a new substantive right triggering the third test—where the statutory period expires one year from the date on which the newly created right was recognized by the Supreme Court—his claims are time-barred under that provision as well. *Begay* was decided on April 16, 2008. Thus, Petitioner's limitations period would have expired on April 16, 2009, more than three years before he filed the current petition. The Court rejects any suggestion that the statute of limitations started to run on July 31, 2012 when the Sixth Circuit first recognized the retroactive nature of *Begay* in *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012). *Jones* is a Sixth Circuit decision interpreting *Begay* and as a result, does not meet the statutory requirements for collateral review based upon retroactive relief. *See* 28 U.S.C. 2255(f) (expressly stating that the

3

one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court").

> 1. **Equitable Tolling**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

After a thorough review of the petition [Doc. 42], the Court concludes Petitioner has failed to put forth extraordinary circumstances justifying his failure to comply with § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 U.S. Dist. LEXIS 12937, at *9 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling where the petitioner failed to set forth any facts suggesting he had diligently pursued his rights); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Petitioner likewise failed to set forth any such circumstances in his subsequently filed motion for leave to amend [Doc. 46]. Because Petitioner

has failed to meet his burden, the Court declines to equitably toll the statute of limitations in his favor. The untimely petition [Doc. 42] will be **DISMISSED WITH PREJUDICE**.[1]

### b. Timeliness of Petitioner's Motion for Leave to Amend and Amendment

During pendency of this petition [Doc. 42], Petitioner filed what the Court interprets to be a motion for leave to amend [Doc. 46]. Amended claims and defenses are subject to the same limitations period as the original motion, *Cameron v. United States*, No. 1:05-CV-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)), and, for reasons discussed in the preceding section, the Court finds Petitioner's motion to amend [Doc. 46] is untimely.

When an amendment is untimely, the Court looks to Rule 15(c) of the Federal Rules of Civil Procedure to determine whether the new or proposed claims "relate back" to a timely, original pleading and are thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Because futility of the proposed amendment is a permissible basis on which to deny a motion for leave to amend, *see Forman*, 371 U.S. at 182

---

[1] Even assuming he were able to demonstrate extraordinary circumstances sufficient to toll the limitations period, the Court alternatively finds Petitioner's claims fail due to a lack of merit.

5

(noting grant or denial of a motion to amend is within the discretion of the district court), resolution of Petitioner's motion [Doc. 46] depends on whether the proposed claims therein relate back to an original, timely pleading under Rule 15(c).

As discussed above, the original petition is itself untimely. The resulting absence of any timely filing to relate back to necessarily preclude Petitioner's proposed ground for relief from successfully relating back under Rule 15(c). As a result, granting leave to make such amendment would be futile and the motion [Doc. 46] will be **DENIED** accordingly.[2]

### III. STANDARD OF REVIEW AND ANALYSIS

For the reasons discussed below the Court makes the alternative holding that, even assuming the petition was not time-barred under § 2255(f), Petitioner's claims fail on the merits.

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th

---

[2] Even if the petition were timely under § 2255(f), the Court finds Petitioner's proposed ground for relief independently fails for lack of merit. Petitioner appears to suggest that the recent United States Supreme Court decision *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague, *id.* at 2557, 2563, somehow precludes his categorization as an armed career criminal under the "burglary" clause of that same provision [Doc. 46]. This claim fails due to the fact that Petitioner's categorization was based upon four prior burglary convictions—which the provision enumerates as a specific type of violent felony, *see* 18 U.S.C. § 924(e)(2)(B)(ii) ("The term 'violent felony' means any crime punishable by imprisonment of a term exceeding one year . . . that . . . is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another"), wholly distinct from that portion of § 924(e)(2)(B)(ii) held unconstitutional in *Johnson*, *see* 135 S. Ct. at 2557 (drawing distinction between generic burglary crimes that fit within the enumerated violent felony category "burglary" and those non-generic crimes that only constitute violent felonies if found to fall within the provision's residuary or "otherwise" clause); *United States v. Eugene Bernardini*, No. 13-6180, slip op. at 1–2 (6th Cir. Oct. 20, 2015) (explaining *Johnson* did not "disturb the remainder of the [ACCA's] definition of a violent felony").

Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner asserts two grounds of collateral attack, both claiming he was improperly sentenced as a career criminal under 18 U.S.C. § 924(e)(1): the Court erred by (1) treating his prior convictions as "committed on occasions different from one another" when they should have been treated as a single criminal episode [Doc. 42 pp. 11–14] and (2) categorizing his prior burglary convictions as "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii) [*Id.* at 14–22].

**A.     Ground One: Prior Convictions Constituted Single Criminal Episode**

After noting § 924(e)(1)'s mandatory fifteen year sentence for armed career criminals only applies to individuals with three prior convictions for "violent felonies . . . committed on occasions different from one another," 18 U.S.C. § 924(e)(1), Petitioner appears to argue his prior convictions should have been treated as "one episode" [Doc. 42 pp. 11, 13–14], because the "burglaries occurred on the same date, were consolidated for sentencing as a single episode and not separated by any intervening arrest" [*Id.* at 12–13 (arguing *United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997) found robberies committed at different locations on same day constituted single "episode"). When so treated, Petitioner argues he lacks the prerequisite three prior convictions "occurring on occasions different from one another" necessary for application of § 924(e)(1)'s mandatory minimum [*Id.*].

Petitioner's argument fails in part due to the Sixth Circuit rejection of an almost identical argument in *United States v. Brady*. 988 F.2d 664, 668–69 (6th Cir. 1993). In that case, the defendant—who had committed two armed robberies in less than one hour—argued his

7

convictions should have been counted as a single, continuous crime spree rather than two separate offenses for purposes of the ACCA. *Id.* at 668. The Court disagreed, stating that "offenses committed . . . at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes [such] that convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." *Id.* at 669.

The Sixth Circuit subsequently recognized "three indicia [for when] offenses [should be treated as] separate from each other" for purposes of the ACCA. *United States v. Thomas*, 381 F. App'x 495, 505 (6th Cir. 2010) (quoting *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006)). Felonies are separate if: (1) "it is possible to discern the point at which the first offense is completed and the subsequent point at which the second offense begins;" (2) "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense;" and (3) "the offenses are committed in different residence or business locations." *Id.* at 506.

According to the documents appended to the petition, Petitioner committed multiple burglaries in Chattanooga, Tennessee on December 10, 1993 [Doc. 42-1 pp. 8–11]. While all three offenses were burglaries, the first occurred at 5366 Highway 153 [*Id.* at 8], the second at 6005 Lee Highway [*Id.* at 10], and third at 4041 Hixon Pike [*Id.* at 11]. The names of the complainants—assumed to be the business owners because their addresses match those that were robbed—are different in all three arrest reports [*Id.* at 8–11]. The fact that each burglary occurred at a separate location and involved a different victim demonstrates Petitioner could have ended his spree after any one of the individual offenses. Because his offenses satisfy all three indicia set forth in *Thomas*, the Court concludes that they "occur[ed] on occasions different

8

from [one another]" for purposes of § 924(e)(1). *Compare Thomas*, 381 F. App'x 505–06 (rejecting argument that four prior robberies, committed in a three-hour window, occurred on the same occasion because leaving the scene between crimes demonstrated a conscious decision to return and rob a different person); *United States v. Antonie*, 953 F.2d 496, 499 (9th Cir. 1991) (finding two armed robberies committed on the same evening approximately forty minutes apart should be separately counted as predicate offenses because they occurred at different times, at different places, and involved different victims); *and United States v. Washington*, 898 F.2d 439, 441–42 (5th Cir. 1990) (finding successive robberies of same clerk at same store were separate criminal episodes despite fact that the robberies occurred only two hours apart because the defendant safely escaped during the interlude); *with Murphy*, 107 F.3d at 1210 (finding two burglary convictions constituted a single criminal episode where the defendant's second conviction as an aider and abettor resulted from his decision to stay at the scene of the first burglary while his accomplices completed the second in effort to prevent police notification);[3] *and United States v. Sweeting*, 933 F.3d 962, 969 (11th Cir. 1991) (finding burglary and assault convictions constituted single episode where assault occurred while fleeing from burglary).

    **1.**        **Ground Two: Burglary of Non-dwelling is not a "Violent Felony"**

---

[3]     Petitioner's reliance on *Murphy* [Doc. 42 p. 12] is misplaced. In that case, the defendant and two accomplices robbed the occupant of the first residence of a duplex. *Murphy*, 107 F.3d at 1208. While the accomplices robbed the adjoining residence of that structure, the defendant remained in the first residence to prevent the occupant from calling the police. *Id.* The Court held that the two robberies constituted one single predicate offense under the ACCA because the defendant had not completed the first offense before the second offense. *Id.* This was because the defendant had "never left his original location, he never ceased his original conduct and he never successfully escaped the site of the first crime until the second was complete." *Id.* at 2010. The foregoing facts are clearly distinguishable from Petitioner's case—where he not only left the scene of each proceeding burglary, but committed each subsequent offense at a different location and against a different victim.

9

Petitioner also appears to suggest that the Court erred by categorizing his prior burglary convictions as "violent felonies" under § 924(e)(2)(B)(ii) [Doc. 42 pp. 14–23]. Specifically, Petitioner argues the definition of "violent felony" in that provision does not explicitly mention burglaries of buildings that are not dwellings and as a result, his prior convictions for such crime should not trigger the mandatory minimum under § 924(e)(1) [*Id.* at 14–15]. Petitioner goes on to argue that his prior convictions fall outside the scope of § 924(e)(2)(B)(ii)'s residuary or "otherwise" clause because his crimes did not "involve[] conduct that present[ed] a serious potential risk or physical injury to another" [*Id.* at 16–20].

The ACCA imposes a mandatory fifteen-year term of imprisonment upon defendants found guilty of violating 18 U.S.C. § 922(g) if they have three prior convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e). Sub-section (B)(ii) goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is [(1)] burglary, arson, or extortion, [(2)] involves the use of explosives, or [(3)] otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Because this statutory definition undoubtedly includes at least some burglaries, the only question is whether conviction for burglary of a building other than a dwelling under Tennessee Code Annotated § 39-14-402 falls within the scope of that provision. The United States Supreme Court answered this question in *Taylor v. United States*, defining "burglary" under § 924(e)(2)(B)(ii) as "generic burglary," i.e., any crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime." 495 U.S. 575, 599 (1990). The Court went on to explain that it is only when a burglary crime does not meet this generic definition that courts turn to the residuary clause to see if the

offense nonetheless constitutes a "violent felony" because it "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." *Id.* at 600; *United States v. Cooper*, 302 F.3d 592, 595 (6th Cir. 2002) (drawing clear distinction between application of enumerated examples of violent felonies and application of the residuary clause).

While it is undoubtedly true that some burglary statutes prohibit conduct this Court would not consider to be a violent felony under § 924(e)(1)(B)(2), Petitioner's uncontested conviction for burglary of a building other than a dwelling clearly falls within the scope of "generic burglary." *See United States v. Nance*, 481 F.3d 882, 887–88 (6th Cir. 2007) (explaining that the ACCA "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle" (quoting *Shepard v. United States*, 544 U.S. 13, 15–16 (2005)); *United States v. Anderson*, 923 F.2d 450, 454 (6th Cir. 1991) (finding convictions under Tenn. Code Ann. § 39-14-402 met the elements of generic burglary).

Further, multiple documents provided by Petitioner plainly demonstrate that he was convicted of three separate burglary charges on December 10, 1993. The first report demonstrates that the burglary at 5366 Highway 153 involved "entry . . . by breaking open the front door" [Doc. 42-1 p. 8] and the second report indicates Petitioner committed burglary at 6005 Lee Highway by "breaking the glass on the front of the [building]" [*Id.* at 9]. The third arrest report shows Petitioner committed burglary at 4041 Hixon Pike by "throwing a brick through the front door glass" and "kicking the door" [*Id.* at 10]. The Court finds that the foregoing evidence provided by Petitioner clearly indicates that he was convicted of three burglaries involving the unlawful or unprivileged entry into a building or structure with intent to

11

Case 1:04-cr-00039 Document 50 Filed 11/23/15 Page 11 of 12 PageID #: 104

commit a crime.[4]  Because at least three of Petitioner's prior convictions meet *Taylor*'s definition of "generic burglary," the Court finds that it need not reach the question of whether those same crimes "involve[d] conduct . . . present[ing] a serious potential risk of physical injury to another."  *See Begay*, 553 U.S. at 142 ("In our view, the provision's listed examples—illustrate the kinds of crimes that fall within the statute's scope.").

IV.  **CONCLUSION**

For the reasons discussed above, Petitioner's § 2255 petition [Doc. 42] will be **DISMISSED WITH PREJUDICE** as both untimely and totally lacking merit**.**  His motion for leave to amend [Doc. 46] will be **DENIED** on those same grounds.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[4] Petitioner's reliance on *United States v. Vanhook*, [Doc. 42 pp. 16–17] is misplaced because that case addressed whether facilitation of burglary, not burglary itself, could be a violent felony.  640 F.3d 706, 708 (6th Cir. 2010).  In contrast, the actual crime of burglary is explicitly identified as a form violent felony under § 924(e)(2)(B)(ii).